[Nos. 35115-0-I; 35210-5-I.   Division One.     April 15, 1996.]

*In the Matter of the Dependency of* F.S.

Andrea Hauswirth, *Appellant*, v. The Department of Social and Health Services, *Respondent.*

Rodney Snow, *Appellant*, v. The Department of Social and Health Services, *Respondent.*

*Eric Broman, Eric J. Nielsen, Catherine L. Moore*, and *Nielsen & Acosta*, for appellant Hauswirth.

*Darby N. DuComb* of *Washington Appellate Project*, for appellant Snow.

*Christine O. Gregoire, Attorney General*, and *Mary F. Li, Assistant*, for respondent.

COLEMAN, J. — In this case we are asked to determine whether due process of law is satisfied by application of a preponderance of the evidence standard in guardianship proceedings. We hold that the preponderance of the evidence standard provides adequate constitutional protection in establishing a guardianship, which, unlike termination, is neither permanent nor irrevocable and does not sever a parent's rights in the child. We find that the elements for establishing a guardianship under RCW 13.34.231 were shown in this case, and we affirm.

Andrea Hauswirth and Rodney Snow had a daughter in 1986. Three years later, the child was found dependent as to each of her parents. In 1994, the Department of Social and Health Services filed a petition for guardianship in King County Superior Court pursuant to RCW 13.34.231. The guardianship statute in effect at that time authorized the court to order a guardianship upon a showing, by a preponderance of the evidence, of the following elements:

(1) The child has been found to be a dependent child under RCW 13.34.030(2);

(2) A dispositional order has been entered pursuant to RCW 13.34.130;

(3) The child has been removed . . . from the custody of the parent for a period of at least six months pursuant to a finding of dependency under RCW 13.34.030(2);

(4) The services ordered under RCW 13.34.130 have been offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been offered or provided;

(5) There is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future; and

(6) A guardianship rather than termination of the parent-child relationship or continuation of the child's current dependent status would be in the best interest of the family.

Former RCW 13.34.231 (1992).[1]

At the fact-finding hearing, neither Snow nor Hauswirth contested the first three elements. The court found that the remaining elements had been established by a preponderance of the evidence and entered an order of guardianship. On appeal, Hauswirth contends that due process requires the court to apply a clear, cogent, and convincing standard in guardianship proceedings. Snow joins in Hauswirth's argument and additionally contends that the evidence does not support the trial court's findings.

■ The primary issue on appeal is whether due process is satisfied in guardianship proceedings when the standard applied is a preponderance of the evidence. The

---

[1]The guardianship statute was amended in 1994 after the guardianship petition was filed. The trial court ruled that the version of the statute in effect at the time the petition was filed governed this case. The statute as amended refers to a guardianship petition as a "dependency guardianship petition" and directs the court (substituting "shall" for "may") to establish a guardianship when the requisite elements are shown. The sixth element was changed to require proof that guardianship is in the best interest of the child (replacing family) rather than termination or "continuation of efforts to return the child to the custody of the parent" (replacing "current dependent status"). RCW 13.34.231. These changes are not material to our analysis of the appropriate burden of proof in guardianship proceedings.

fundamental fairness test is used to determine the nature of process required in proceedings affecting a parent/child relationship. Under this test, the court balances three factors: (1) the private interests affected by the proceeding; (2) the risk of error created by the State's chosen procedure; and (3) the countervailing governmental interest supporting use of the challenged procedure. *Santosky v. Kramer*, 455 U.S. 745, 754, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re Key*, 119 Wn.2d 600, 610-11, 836 P.2d 200 (1992), *cert. denied*, 507 U.S. 927 (1993).

In *Santosky*, the Court held that orders which completely and irrevocably terminate parental rights in a child must be supported by clear, cogent, and convincing evidence rather than the preponderance of the evidence standard provided for in the New York termination statute.[2] In reaching that decision, the Court found the private interest of parent and child in their relationship "commanding" because termination irreversibly severs the parent's right to communicate with, visit, and pursue custody of the child. *Santosky*, 455 U.S. at 758-61. The Court found a "significant prospect" of error due to the adversarial nature of the termination proceeding, the vast difference in litigation resources available to the State and the parent, and the imprecise statutory standards for termination that leave termination decisions open to a judge's subjective values and cultural or class bias. *Santosky*, 455 U.S. at 761-64. As for the countervailing state interests, the Court found that the State's parens patriae interest in a child's welfare, which encompasses the aim of preserving the family, was well served by a standard stricter than a preponderance of the evidence. The Court further anticipated that no significant impact on the speed, form, or cost of fact-finding proceedings would result from application of a higher standard. *Santosky*, 455 U.S. at 766-68.

---

[2]The Washington Supreme Court had previously held that the clear, cogent, and convincing evidence standard applies in proceedings under this state's parental rights termination statute, although under a different analysis. *In re Sego*, 82 Wn.2d 736, 739, 513 P.2d 831, 833 (1973).

Applying the test set forth in *Santosky*, the Washington Court of Appeals held that due process is not offended in dependency proceedings by application of a preponderance of the evidence standard. *In re Chubb*, 46 Wn. App. 530, 536-37, 731 P.2d 537 (1987), *aff'd*, 112 Wn.2d 719, 773 P.2d 851 (1989). The primary reason the constitution allows a lesser standard in dependency actions, the court reasoned, is that the potential impact on the parent and child's interest in their relationship is much less intrusive than in termination proceedings. Although an order of dependency may disrupt that relationship, it results in neither an irreversible decision nor a complete severance of the parent's contact with the child. *Chubb*, 46 Wn. App. at 536. In addition, the procedural protections inherent in dependency proceedings raise fewer concerns for risk of error. An order of dependency is reversible, is subject to review every six months, and cannot automatically ripen into an order of termination. *Chubb*, 46 Wn. App. at 536. The court also found the governmental interest more weighty in dependency proceedings than in termination proceedings. The court noted that a lower standard of proof provides the necessary flexibility to the State in its attempts both to protect the child and to preserve the family within the framework of the dispositional remedies and social services available once a dependency has been established. *Chubb*, 46 Wn. App. at 536-37.

■ The guardianship statute directs the court to apply a preponderance of the evidence standard. RCW 13.34.231. Whether this level of process satisfies constitutional due process concerns appears to be an issue of first impression in Washington.[3] We conclude that a preponderance stan-

---

[3]California appears to be the only jurisdiction to have addressed this issue, and there is a split of authority in that state's court of appeals. In California, guardianship proceedings are not part of dependency proceedings and, thus, there has not necessarily been any prior finding of parental unfitness. *In re Stephan G.*, 40 Cal. App. 4th 1418, 1429, 47 Cal. Rptr. 2d 409, 416 (1995). A guardianship petition is granted when the court finds that it is "necessary or convenient," "an award of custody to a parent would be detrimental to the child," and guardianship is in the child's best interest. *In re Diana B.*, 30 Cal.

dard provides adequate due process in guardianship proceedings.

■ Contrary to appellants' assertion, the impact of guardianship on the parent/child relationship is not tantamount to termination. Guardianship is not permanent, nor is it irreversible, and it does not sever all rights of the parent in the child. When a guardianship is established under RCW 13.34.231, the child remains dependent. RCW 13.34.232(4); Washington State Bar Ass'n, *Family Law Deskbook* § 50.9, at 50-23 (1989). The court appoints a person or agency as guardian and (1) defines the guardian's rights and responsibilities concerning the care, custody, and control of the child, (2) sets an "appropriate frequency of visitation" between parent and child, and (3) specifies the nature of involvement, if any, of the supervising state agency. RCW 13.34.232(1). A guardianship remains in effect only until the sooner of the child reaching the age of 18 or termination of the guardianship by the court. RCW 13.34.232(5) (as amended in 1994). The parent may seek at any time to modify the guardianship or to terminate it and request the return of the child. RCW 13.34.233(1) (as amended in 1994); *In re A.V.D.*, 62 Wn. App. 562, 570, 815 P.2d 277 (1991) (quoting Washington State Bar Ass'n, *Family Law Deskbook* § 50.9, at 50-24 (1989)). Guardianship is therefore an "inherently temporary situation." *In re A.V.D.*, 62 Wn. App. at 570. Termination, in contrast, severs "all rights, powers, privileges, immunities, duties, and obligations, including any rights to custody, control, visitation, or support existing between the child and parent[.]" RCW 13.34.200(2).

---

App. 4th 1766, 1774, 36 Cal. Rptr. 2d 447, 451 (1994) (quoting Probate Code 1514(a) and Civil Code 4600(c)); *In re Stephen G.*, 40 Cal. App. 4th at 1423, 1429, 47 Cal. Rptr. 2d at 412, 416. California courts have traditionally required clear and convincing evidence for both dependency and guardianship proceedings. *In re Stephen G.*, 40 Cal. App. 4th 1418, 1427, 47 Cal. Rptr. 2d 409, 415 (1995). In 1994, the Fourth District interpreted changes in the Family Code to conclude that a guardianship petition may be based on findings supported by a preponderance of the evidence. *In re Diana B.*, 30 Cal. App. 4th at 1777, 36 Cal. Rptr. 2d at 453. The First District recently disagreed with the Fourth District's reasoning and held that due process requires clear and convincing evidence in guardianship proceedings. *In re Stephen G.*, 40 Cal. App. 4th at 1432, 47 Cal. Rptr. 2d at 418.

The risk of error is similarly not as great in guardianship proceedings as in termination proceedings. Guardianship is reviewable at any time upon a petition, filed by the parent or any other party, to modify or terminate. As with dependency, guardianship cannot automatically ripen into termination, nor does it inevitably lead to that result. As for the governmental interest, while the State has fewer dispositional and remedial options in a guardianship than in a dependency, a measure of flexibility is required to allow the State to provide permanence for a child without terminating the parent's rights. The statute provides for secure placement of the child while authorizing both visitation between parent and child and continuing involvement by state agencies. Considering the decreased invasion of the private interest involved, lesser consequence of error, and heightened governmental interest as compared with the relative weight of these factors in termination proceedings, we hold that the lower standard of proof adequately provides due process in guardianship proceedings.

The order of the trial court is affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

KENNEDY, A.C.J., and BECKER, J., concur.

Review denied at 130 Wn.2d 1002 (1996).