[No. 48136-3-I.   Division One.   September 30, 2002.]

*In the Matter of the Dependency of* R.V.

SHAHNAZ FAZELINIA, *Petitioner*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

---

*Colby P. Haase*; and *Eric Broman* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Christine O. Gregoire, Attorney General*, and *Joel J. Delman, Assistant*, for respondent.

AGID, J. — In a February 2001 King County Superior Court order appointing new dependency guardians for R.V., the trial court delegated future visitation decisions to the guardians. R.V.'s mother, Shahnaz Fazelinia, appeals the order, maintaining the delegation violates RCW 13.34.232 and her right to appeal. Because RCW 13.34.232(1)(d) unambiguously requires superior courts to "[s]pecify an appropriate frequency of visitation" between child and parent, we reverse and remand this case for the trial court to do so.

## FACTS

Shahnaz Fazelinia is the mother of two children. This case involves her son, R.V., who was born in November 1989. In September 1997, the superior court found R.V. dependent. After an initial period of in-home dependency, the court removed R.V. from Fazelinia's custody because of allegations that she assaulted her children. The court entered a no-contact order and placed R.V. with his paternal uncle, Robert Vanderveer.

In October 1998, the Department of Social & Health Services (DSHS) filed a petition to establish a dependency guardianship. The court found that dependency guardianship was in R.V.'s best interest and appointed Vanderveer as guardian. The court's order recited that a restraining order prohibited Fazelinia from contacting R.V. The order precluded any visitation until Fazelinia could prove that there had been a substantial change in her parenting ability and mental health issues.

In November 2000, Fazelinia filed a petition to modify the guardianship, asking the court to place her son with her or her brother. DSHS moved to replace the original guardian, whose health was failing, with R.V.'s paternal aunt and uncle, Barry and Alice Crewse. Following a hearing, the court reaffirmed R.V.'s dependency status and appointed the Crewses as guardians. The court's order delegated to R.V.'s dependency guardians the authority to determine future visitation between Fazelinia and her son, stating:

> [I]t is my belief that the evidence before me requires that the guardians be given more autonomy than the proposed order proposes, and I am going to order that Paragraph E read, Visitation between [R.V], his mother, and the family of his paternal uncle, Robert Vanderveer, shall be arranged between [R.V.], his mother, his uncle's family, and the guardians.
>
> What that means is that the guardians will regulate the visits with the mother.

Fazelinia sought discretionary review. We granted review on the question whether the superior court may delegate future visitation decisions to dependency guardians.

## DISCUSSION

■ Fazelinia maintains the trial court erred in delegating its authority to control visitation to the Crewses. She contends this delegation violates RCW 13.34.232 because the statute requires superior courts to determine the

amount of parental visitation.[1] We agree that RCW 13.34.232(1)(d) unambiguously requires superior courts to set forth a specific frequency of visitation between dependent children and their parents and conclude that the visitation provision of the court's order violates this requirement.

[2-5] The construction of a statute is a question of law we review de novo.[2] The court's paramount duty in construing a statute is to ascertain and give meaning to the intent of the legislature.[3] We interpret a statute according to the plain and ordinary meaning of its language.[4] If a statute is unambiguous, we will determine the legislature's intent from the language of the statute alone.[5]

█ RCW 13.34.232(1)(d) provides in relevant part that the dependency guardianship "order shall . . . [s]pecify an appropriate frequency of visitation between the parent and the child." This language is unambiguous. It clearly requires trial courts to establish the "frequency of visitation" between parent and child. As we said in *In re Dependency of F.S.*,[6] under RCW 13.34.232(1), "[t]he court appoints a person or agency as guardian and . . . sets an 'appropriate frequency of visitation' between parent and child." Neither the statute nor case law supports the proposition that the

---

[1] Fazelinia also maintains that the trial court's failure to comply with RCW 13.34.232 violated her constitutional right to appeal. She asserts that because an appeal must be filed within 30 days, she cannot appeal the guardians' decision to deny or grant visitation. RAP 5.2(a). However, we need not reach the constitutionality of the court's order because we can resolve the case on statutory grounds. A court should avoid reaching constitutional issues if the case can be resolved in some other way. *See State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981).

[2] *Waste Mgmt. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 627, 869 P.2d 1034 (1994).

[3] *Retired Pub. Employees Council v. Health Care Auth.*, 82 Wn. App. 773, 778, 919 P.2d 625 (1996) (citing *Serv. Employees Int'l Union, Local 6 v. Superintendent of Pub. Instruction*, 104 Wn.2d 344, 348, 705 P.2d 776 (1985)), *review denied*, 130 Wn.2d 1024 (1997).

[4] *Id.* (citing *Flanigan v. Dep't of Labor & Indus.*, 123 Wn.2d 418, 426, 869 P.2d 14 (1994)).

[5] *Id.* at 778-79 (citing *Waste Mgmt.*, 123 Wn.2d at 629).

[6] 81 Wn. App. 264, 269, 913 P.2d 844 (quoting RCW 13.34.232(1)(d)), *review denied*, 130 Wn.2d 1002 (1996).

legislature gave the courts authority to delegate this task. Thus, the court here erred by failing to comply with this requirement.

Decisions addressing similar issues under the dissolution statutes are not helpful here. In general, they have permitted delegation of visitation decisions under a parenting plan so long as the court retains authority to review the delegatee's decision.[7] Those decisions are based in part on statutes encouraging dispute resolution to avoid the need for judicial intervention after the plan has been adopted. But this is a separate statutory scheme, and DSHS identifies no comparable statutes in the dependency guardianship context.[8]

■ The State argues that under RCW 13.34.232(1)(d), a trial court has the authority to decline to order visitation because an "appropriate frequency" of visitation may be no visitation. In the alternative, the State asserts that the trial court did not delegate its authority, but rather entered a "non-specific provision." While we agree that "appropriate frequency" of visitation may include no visitation at all, the order here does not do that. Rather, it gives the guardians control over the mother's ability to visit the child.

The State next contends that the court's order does not delegate its authority to set visitation because no one party has the authority to order visitation in the absence of a mutual agreement. This argument misses the point because the order allows the guardians to unilaterally prevent visitation.

The State claims that if Fazelinia is denied visitation by the guardians she can return to the trial court and seek modification of the guardianship order under RCW 13.34.233. Even if the State were correct, it is not an alternative to the court's entry of a proper order. In addition, we can only speculate about whether she could establish a change of circumstances warranting modification.

---

[7] *See Kirshenbaum v. Kirshenbaum,* 84 Wn. App. 798, 806-07, 929 P.2d 1204 (1997); *In re Parentage of Schroeder,* 106 Wn. App. 343, 22 P.3d 1280 (2001).

[8] *See Kirshenbaum,* 84 Wn. App. at 806.

The State next asserts that the order is proper because it is in the best interest of R.V. to deny his mother visitation, R.V.'s counselor/therapist advised against visitation with his mother, Fazelinia has moved to California, and Washington cases have upheld a denial of visitation during dependency when the child's emotional health is at issue.[9] Once again, these observations are of no consequence to the issue here. Even if R.V.'s therapist recommended against visitation and Fazelinia moved to California, the court still improperly delegated its authority. That the court could perhaps have used these facts to deny visitation altogether does not convert the delegation into a denial of visitation.

▮▮▮▮ The State next contends subsection (1)(b) of RCW 13.34.232 applies here, and the court could properly use it to delegate its authority. This contention is without merit. RCW 13.34.232(1)(b) provides that the order shall

> [s]pecify the dependency guardian's rights and responsibilities concerning the care, custody, and control of the child. A dependency guardian shall not have the authority to consent to the child's adoption[.]

But we must interpret statutes to give effect to every section.[10] And the specific statute must control.[11] Subsection (1)(b) does not pertain to visitation. Subsection (1)(d) controls here because it specifically addresses visitation. If we interpreted subsection (1)(b) to give the court authority to delegate the visitation decision-making authority, we would render subsection (1)(d) meaningless.

The State next claims that the court's order is not a delegation, but rather an avenue to provide visitation without having to return to court. Even if this were what the court wanted to do, it did not have authority to do it. While we sympathize with the court's desire to avoid contentious litigation, the applicable statute requires it to order a specific frequency of visitation.

---

[9] *See, e.g., In re Welfare of Siegfried*, 42 Wn. App. 21, 27, 708 P.2d 402 (1985).

[10] *City of Seattle v. State*, 136 Wn.2d 693, 698, 965 P.2d 619 (1998).

[11] *Waste Mgmt.*, 123 Wn.2d at 630.

Finally, the State cites *Dependency of F.S.* to argue that a guardian can lawfully prevent visitation because he or she steps into the role of the parent and is thus entitled to the constitutionally-protected right of autonomy in making childrearing decisions. But *F.S.* does not stand for this principle. Rather, as we said in *F.S.*, guardianship orders do not deprive the parent of all rights to the child,[12] and a guardianship does not amount to a termination of parental rights.[13]

We therefore reject the State's contentions and reverse and remand this case for the trial court to specify the frequency of visitation between R.V. and Fazelinia.

GROSSE and ELLINGTON, JJ., concur.