IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Guardianship of | ) | |
| | ) | No. 33532-1-III |
| P.M.; J.S.; H.S.; C.W.F.S. | ) | (consolidated with 33533-0-III, |
| | ) | 33534-8-III, 33535-6-III) |
| | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

KORSMO, J. — A.M. stipulated to a guardianship giving custody of her four minor children to her adult son, J.K., and his wife. She now appeals from the guardianship order, challenging the Guardians' discretion concerning her contact with the children. We reject her arguments and affirm.

FACTS

A.M. is the mother of four minor children, P.M., J.S., H.S., and C.W.F.S. Sometime in late 2013, she was arrested and charged with violating federal criminal statutes. With no fathers in the picture, the Department of Social and Health Services (DSHS) filed dependency petitions for all four children and placed them in relative care with J.K. and his wife, L.K. J.K., who grew up in an adoptive family, is the adult son of A.M. Roughly one year later, A.M. was convicted on federal charges and agreed to transition the dependencies into guardianships.

At an initial hearing, A.M. stipulated to the facts necessary to establish guardianships, but requested a greater degree of contact than initially recommended by DSHS. She asked to be allowed monthly contact with her children, to receive quarterly updates with pictures from the Guardians, and to have the children visit her in jail when she returned to Spokane for sentencing. The trial court heard testimony from the children's counselor, the dependency case worker, A.M., J.K., and L.K.

After weighing the evidence, a superior court commissioner entered guardianship orders for all four children. The orders specified that the Guardians will send A.M. two letters per year, which may include pictures at their discretion. A.M. is allowed to send quarterly letters to each child. The Guardians are also required to facilitate letter writing by the children to A.M. Finally, the commissioner gave the Guardians discretion over any further contact between the children and A.M., including possible phone calls and the June visit.

A.M. appealed the order, challenging the discretion given to the guardians. A.M. also filed an emergency motion seeking to visit the children before her federal sentencing. This court remanded the case for a hearing to determine whether the jail visit would happen. However, at the new hearing, A.M. withdrew her request.

No. 33532-1-III (consol w/ 33533-0-III, 33534-8-III, 33535-6-III)
*In re P.M., J.S., H.S., C.W.F.S.*

ANALYSIS

This court will review a guardianship order for an abuse of discretion.[1] Discretion

is abused when it is exercised on untenable grounds or for untenable reasons. *In re*

*Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

A.M. challenges the discretion given to the Guardians over the extent of contact

with her children.[2] She contends that this violates RCW 13.36.050(1)(d), which requires

the court to "specify an appropriate frequency and type of contact" between the parent

and the child. Relying on this court's decision in *R. V.*, she argues that by giving

discretion to the Guardians, the trial court unlawfully delegated its statutory obligations.

*See In re Dependency of R. V.*, 113 Wn. App. 716, 54 P.3d 716 (2002).

In *R. V.*, the trial court determined that the guardian would regulate visits between

the mother and her son. *Id.* at 719. The statute mandated that the guardianship order

"specify an appropriate frequency of visitation between the parent and the child." *Id.* at

---

[1] The guardianship statute is relatively new and no court has previously stated the standard of review for a guardianship order. However, similar types of orders, such as dependency orders, are ordinarily reviewed for an abuse of discretion, and we believe that standard is appropriate here. *See In re Dependency of J.R.U.-S.*, 126 Wn. App. 786, 792 n.1, 110 P.3d 773 (2005); *In re Dependency of R.L.*, 123 Wn. App. 215, 220, 98 P.3d 75 (2004).

[2] A.M.'s opening brief predates the ruling on the emergency motion, and assigns error to the portion of the order concerning the jail visit. The parties now agree that this issue is moot.

3

No. 33532-1-III (consol w/ 33533-0-III, 33534-8-III, 33535-6-III)
*In re P.M., J.S., H.S., C.W.F.S.*

720; RCW 13.34.232(1)(d). This court reversed the decision because the order failed to do so. *R.V.*, 113 Wn. App. at 720-721, 723.

Even though *R.V.* dealt with a guardianship order established under the older statutory regime,[3] the same rationale applies here. Here, the guardianship order must "specify an appropriate frequency and type of contact" between A.M. and her children. RCW 13.36.050(1)(d). However, unlike the order in *R.V.*, these guardianship orders adhere to the statutory requirements.

Here, the commissioner held a substantial hearing to learn about the children and their specific situations. She carefully considered this evidence before determining an appropriate scope and frequency of contact between A.M. and her children.[4] The guardianship orders contain these specifications and comply with the statutory requirements.

---

[3] In 2010, the legislature revised the laws governing guardianships and established new procedures to give full custody of dependent children to permanent guardians and dismiss the underlying dependency. LAWS OF 2010, ch. 272. Prior to that, guardianships were established within continuing dependencies and DSHS retained legal custody of the child. *See* former RCW 13.34.230 (2009), .231 (2000), *repealed by* LAWS OF 2010, ch. 272, § 16.

[4] As an alternative argument, A.M. contends that there is not substantial evidence preponderating in favor of the particular terms ordered. She treats this argument as though she is challenging findings of fact underlying a judgment. Certain facts must be established by a preponderance of the evidence in order to create a guardianship. *See* RCW 13.36.040(2). However, A.M. stipulated to those facts. Rather, the conditions imposed in the guardianship are left to the discretion of the court. Since those conditions are well-founded in fact, we cannot find an abuse of that discretion.

4

No. 33532-1-III (consol w/ 33533-0-III, 33534-8-III, 33535-6-III)
*In re P.M., J.S., H.S., C.W.F.S.*

Then, as a boon to A.M., the trial court gave the Guardians discretion to permit *more* substantial contact with the children. However, there is no legal prohibition against giving Guardians discretion concerning the children in their care. Simply by their nature, guardianships must give caregivers substantial authority and discretion concerning the well-being of the children involved. *See* RCW 13.36.050(1)-(2).

Accordingly, since the guardianship orders comply with all of the statutory requirements and are well-grounded in fact, the guardianship orders are very tenable. There was no abuse of the trial court's discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Lawrence-Berrey, J.