[No. 4020–8–III. Division Three. June 30, 1981.]

*In the Matter of the Welfare of*
APRIL BROWN, ET AL.

*J. Scott Timmons,* for appellant.

*Terry J. Bloor* and *Richard Bennett,* for guardian ad litem.

*Curtis Ludwig, Prosecuting Attorney,* and *Michael Sandona, Deputy,* for respondent.

GUY, J.*—In February 1980, the principal of Fruitland Elementary School initiated complaints of suspected physical child abuse concerning Camilla Brown. After investigation by Child Protective Services, it was determined that the allegations of suspected child abuse could not be substantiated. No action was taken.

The Brown family unit consisted of Margo Brown, her minor children, Camilla, age 7, April, age 3, and Mr. Robert Shows, Mrs. Brown's boyfriend.

---

*Judge Richard P. Guy is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

On March 21, 1980, April was admitted to Kennewick General Hospital with severe internal injuries. Surgery on April took approximately 4½ hours. These injuries resulted from the actions of Mr. Shows, who stated that, in disciplining April for bedwetting, he grabbed her by the back, lifted her chest high and slammed her down on his left knee.

Based on the previous investigated complaints regarding Camilla and the severity of the injuries to April, a caseworker from Child Protective Services and a police officer took Camilla into shelter care on or about March 21, pursuant to RCW 26.44.050.

On March 26, the court ordered April and Camilla placed in protective custody. A dependency petition was also filed on that date. April Brown was released from the hospital on March 29 and placed in shelter care on that date. A shelter care hearing was held April 4, at which time counsel for Mrs. Brown moved to dismiss the dependency petition on grounds it had not been filed within 72 hours after the children were taken into custody in accordance with JuCR 2.2(a) and RCW 13.34.060. The motion was denied. During the hearing the caseworker was permitted to testify from the Department of Social and Health Services (DSHS) file. Mrs. Brown's counsel objected on the grounds such testimony was hearsay. The objections were overruled. The court found the children dependent and needed shelter care.

Two issues are presented:

First, Mrs. Brown contends that a dependency petition must be filed within 72 hours after a child has been taken into custody without court order. JuCR 2.2(a) and RCW 13.34.060. She alleges a failure to do so constitutes such a denial of due process to the parents that dismissal of the petition for dependency must lie.

JuCR 2.2(a) provides if a juvenile is taken into shelter care without a court order pursuant to RCW 26.44.050, the juvenile shall be released unless the petition alleging dependency is filed within 72 hours.

RCW 13.34.060 provides in pertinent part:

(1) A child taken into custody pursuant to RCW 13.34.050 or 26.44.050 shall be immediately placed in shelter care. . . . No child may be held longer than seventy–two hours, excluding Sundays and holidays, after such child is taken into custody unless a court order has been entered for continued shelter care.

■ The language and intent of JuCR 2.2(a) and RCW 13.34.060 provide for release of a child when shelter care is without court order and no dependency petition is filed within 72 hours of custody. The procedural remedy provided is a writ of mandamus or a writ of habeas corpus. Thus, Mrs. Brown had a right to custody of the children after the 72–hour period and until the petition was filed if demand for the girls' release had been made. Once the petition was filed, jurisdiction attached and the matter must be heard. Dismissal of the action is not the appropriate remedy.

■ Second, Mrs. Brown contends that the admission of hearsay evidence in shelter care hearings is contrary to the rules of evidence and RCW 13.34.060. Although the rules of evidence are applicable to dependency proceedings and to juvenile offenses (JuCR 3.7 and JuCR 7.11), there are no equivalent rules applicable to shelter care proceedings (*see* JuCR Title 2). Had the legislature intended the rules of evidence to apply to shelter care hearings, it would have so provided, as it did regarding the dependencies and juvenile offenses. Legislative intent is to be ascertained by reading the entire text of the enactment. *Graham v. State Bar Ass'n*, 86 Wn.2d 624, 548 P.2d 310 (1976); *State v. Munson*, 23 Wn. App. 522, 597 P.2d 440 (1979).

The rules of evidence do not apply to a preliminary determination in juvenile court proceedings under RCW Title 13. (ER 1101.) This rule relates to practice, procedures and remedies. Since it does not affect a substantive or vested right, the rule may be applied retroactively. *Agency Budget Corp. v. Washington Ins. Guar. Ass'n*, 93 Wn.2d 416, 610 P.2d 361 (1980); *Johnston v. Beneficial*

*Management Corp. of America,* 85 Wn.2d 637, 538 P.2d 510 (1975).

In shelter care hearings, the purpose is to determine if there is or was probable cause to take the child into custody. At such hearings a preliminary determination is made. The rules of evidence are not applicable at that time; thus, hearsay evidence is admissible, but weight given to it lies within the discretion of the trial court.

The trial court is affirmed.

ROE, A.C.J., and GREEN, J., concur.