[Nos. 16146–6–I; 16147–4–I.   Division One.   January 14, 1987.]

*In the Matter of* VINCENT M. CHUBB.

EILEEN FRANCES CHUBB, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Dori Jones* of *Washington Appellate Defender Association,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Frederick Staatz, Assistant,* for respondent.

GROSSE, J.—Eileen Frances Chubb appeals from the orders of dependency entered January 8, 1985, as to her two children, Sunny and Vincent Chubb.

On April 20, 1984, Sunny and Vincent Chubb, ages 26 and 15 months respectively, were placed in shelter care and a dependency petition filed after an initial referral to Children's Protective Services which was based on complaints that Eileen was treating her children roughly and was delusional. The trial court entered orders of dependency as to both children and continued foster care.

Eileen contends that the preponderance of the evidence standard of proof in a dependency proceeding violates due process of law; that the findings of fact are inadequate for appellate review; and that there is no substantial evidence to support the finding of dependency. We affirm.

■ The threshold question is whether the findings of fact are adequate for appellate review. The finding of fact as to Sunny is set forth below. The finding as to Vincent is identical.

> Ms. Eileen Chubb is the natural mother of the child Sunny M. Chubb who is the subject of this action. Eileen Chubb suffers from mental illness of a chronic nature which significantly impairs her from adequately caring for the emotional needs of her children who if returned to their mother at this time would be in circumstances constituting a danger of substantial damage to the child's psychological development.

These findings lack specificity and are conclusory. However, we see no reason to treat that deficiency differently than we would a similar deficiency of the record in a proceeding involving a petition for declination of jurisdiction, the sufficiency of the reasons stated for a juvenile sentence outside the standard range, or the review of written findings resulting from an administrative hearing. This court may look to the trial court's oral decision in light of the record as a whole to determine the sufficiency of the evidence. *State v. Holland*, 98 Wn.2d 507, 518, 656 P.2d 1056 (1983). In the instant case the oral opinion of the trial court is very detailed. The trial court focused on an incident at Children's Orthopedic Hospital and identified several bases for the findings.

1. The lack of response by Eileen when Vincent fell at Children's Orthopedic Hospital could explain why the child did not respond when he fell.

2. At the time the petition was filed, there existed an interaction between the mother and children which was creating sufficient negatives for the children such that they were not growing with healthy psychological profiles.

3. Eileen is suffering from a mental illness that significantly impairs her ability to respond to the emotional needs of her children.

4. During visitations the children turned to others for nurturing and support, not to Eileen.

5. Eileen's delusions have the potential for causing fear and nightmares in the children.

We hold that, under these circumstances, we can adequately review the assigned errors, in particular, the question of the sufficiency of evidence to support the findings of fact. There is substantial evidence to allow a reasonable person to conclude that Eileen cannot adequately care for the children and that they are in circumstances which constitute a danger of substantial damage to their psychological development. RCW 13.34.030(2)(c); RCW 13.34.130. There is substantial evidence to show that Eileen is delusional; that she expresses those delusions in the presence of

her children; that her delusions involve violent acts and unreal beliefs about her children and others who wish to help her; that Vincent is showing symptoms of inadequate attention to his psychological and physical needs; that Eileen is unable or unwilling to accept counseling or parenting help. The instant case is similar to *In re Frederiksen*, 25 Wn. App. 726, 610 P.2d 371 (1979). There the Court of Appeals affirmed a dependency order for a child whose parents were schizophrenic and could not adequately provide for the child's physical needs. We hold that there is sufficient evidence that Vincent and Sunny are "dependent".

Eileen contends that the preponderance of the evidence standard of proof in a dependency proceeding violates due process of law and cites *Santosky v. Kramer*, 455 U.S. 745, 71 L. Ed. 2d 599, 102 S. Ct. 1388 (1982). Although we can distinguish *Santosky* on the ground that it involved a final termination of parental rights, we believe appellant's due process concerns merit consideration in these circumstances where the State has removed the children from the home and thereby moved to weaken familial bonds.

In *Santosky,* the United States Supreme Court held that the clear and convincing standard of proof is required to terminate a parent's rights in a child:

> The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.

(Footnote omitted.) *Santosky,* at 753–54. The Supreme Court balanced three factors to determine the nature of

process due in a termination proceeding: (1) the private interests affected by the proceeding; (2) the risk of error created by the use of the preponderance of evidence test; and (3) the countervailing governmental interest supporting the use of the preponderance of evidence test. As to the first factor, the Court pointed out that a finding of permanent neglect can cut off forever the parents' rights in their child and that children and parents share a vital interest in preventing the termination of their natural relationship. The Court pointed out several concerns bearing on the second factor of risk of error: the disparity among the adversary's litigation resources, and the imprecise substantive standards that leave the determination to terminate parental rights open to the subjective values of the judge.

> Coupled with a "fair preponderance of the evidence" standard, these factors create a significant prospect of erroneous termination. A standard of proof that by its very terms demands consideration of the quantity, rather than the quality, of the evidence may misdirect the factfinder in the marginal case.

(Citation omitted.) *Santosky,* at 764. Concerns bearing on the third factor include the State's interest or parens patriae concern in the welfare of the child and its interest in fiscal and administrative cost savings. The Supreme Court found that the clear and convincing standard favors preservation of the family and reduces the cost and burden of termination proceedings.

On this issue of the quantum of proof required in dependency proceedings, the State cites *In re A.M.D.,* 648 P.2d 625 (Colo. 1982), where the court applied the same criteria as those utilized in *Santosky v. Kramer* and held that the preponderance of evidence test is sufficient in a dependency proceeding.[1] In so doing, the Colorado court held that

---

[1]*See also In re Appeal in Cochise Cy. Juvenile Court Action 5666–J,* 133 Ariz. 157, 650 P.2d 459 (1982), wherein the Arizona Supreme Court applied the *Santosky* criteria holding that the determination of dependency is not an irreversible decision, as the decision to terminate parental rights is, and it does not sever all contacts between child and parent. The court, in a conclusory fashion,

while the private interests affected in a dependency weigh against the use of the preponderance of the evidence standard, the risk of erroneous termination of parental rights is minimally increased by the use of that standard at the dependency hearing. The Colorado statutes require the State to prove by clear and convincing evidence that the parent is unfit in order to *terminate* parental rights.

> It hardly can be maintained that a parent–child relationship should be continued when it has been shown by clear and convincing evidence that a child has been abandoned by his parent, section 19–11–105(1)(a); or that the parent is unfit, an appropriate treatment plan has been tried without success, and the conduct or condition of the parent is unlikely to change within a reasonable time, section 19–11–105(1)(b). When one of these two sets of alternative findings has been made and is supported by clear and convincing evidence, the risk is insignificant that the resulting termination of parental rights is inappropriate. To impose an additional requirement that the underlying adjudication of dependency or neglect be supported by clear and convincing evidence is not necessary to protect the private interests affected.

*A.M.D.*, at 637–38.

> By requiring that clear and convincing evidence support findings on the termination criteria in section 19–11–105, we accomplish the substantial equivalent of requiring that the child be determined to be neglected or dependent at the time of the termination proceeding.

(Footnote omitted.) *A.M.D.*, at 638–39.

In considering the third factor identified in *Santosky,* the Colorado court indicated that governmental interests reflected in utilization of the preponderance of evidence standard at the dependency hearing are the more extensive and weighty. The order adjudicating a child dependent or neglected vests the court with extensive flexible dispositional remedies, including placement of the child in the legal custody of his parents, relatives, or other suitable per-

---

weighed the risk of error, the weighing of the private and public interests, and held that the preponderance of evidence standard is the proper standard of proof in dependency proceedings.

sons with or without protective supervision, placement of legal custody of the child in the county department of social services and various treatment alternatives.

When a dependency or neglect proceeding is viewed in light of its primary purpose—as helpful and remedial in preserving and mending familial ties—the importance of permitting State intervention on a standard of proof lower than clear and convincing becomes evident. . . .

*A.M.D.,* at 640.

██ ██ We find the reasoning of the Colorado court persuasive.

1. Private interests affected by the proceeding. The child and parents share a vital interest in preventing the termination or disruption of their natural relationship. However, a determination of dependency is not an irreversible decision nor does it sever all contacts between a parent and child.

2. Risk of error by using the preponderance of evidence standard. There is disparity among the litigation resources of the State and the parent. Also, the standards for determining dependency contained in RCW 13.34.030(2) can allow for subjective determinations by a judge. However, the finding by a preponderance of evidence of parental unfitness is subject to review every 6 months. RCW 13.34-.130(3). Also, the order of dependency is reversible and *does not necessarily ripen into an order of termination if the parents comply with the dispositional order.*

We read *In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973) and *Santosky v. Kramer, supra,* to require clear and convincing evidence in order to terminate parental rights. Therefore the risk is reduced that a finding of parental unfitness at the dependency phase will ripen to an order terminating parental rights on the basis of less than clear and convincing evidence.

3. Countervailing governmental interest supporting preponderance of the evidence standard. A dependency proceeding can be helpful and remedial in preserving and mending family ties because of the social services and dis-

positional remedies that the State can provide. Permitting state intervention on a standard of proof lower than a clear and convincing standard is important in providing the necessary flexibility to the State in its attempts to both protect the child and preserve the family.

Balancing these concerns convinces us that for the initial dependency determination due process of law is not offended by proof of dependency by a preponderance of the evidence.

The orders of dependency are affirmed.

COLEMAN and PEKELIS, JJ., concur.