[Nos. 29580-2-I; 29680-9-I;   Division One.   October 25, 1993.]
29681-7-I; 30830-1-I;
30880-7-I.

*In the Matter of the Dependency of* H., ET AL.

*Kathleen Barry* of *Washington Appellate Defender Association* and *Linda Lillevik* of *The Defender Association*, for appellant.

*Christine O. Gregoire, Attorney General,* and *Catherine Cruikshank, Assistant,* for respondent.

WEBSTER, C.J. — Pamela Brigham appeals (1) the denial of motion for revision of a commissioner's order providing emergency 72-hour shelter care for her three minor children; (2) a trial court order finding two of her three children to be "dependent" as defined in RCW 13.34.030. We affirm.

## FACTS

On October 29, 1991, the State filed petitions alleging that Brigham's three children, A. (age 5 months), H. (age 3 years) and A.B. (age 9 years), were dependent under RCW 13.34-.030. The allegations of the petitions indicated that A. and H. were not adequately cared for or supervised by their mother, to the extent that their health and safety were threatened, and that A.B. was frequently left in charge of the two younger

siblings. Symptoms of delayed development were alleged as to both younger children. The petition further alleged that Brigham is mentally ill and has been diagnosed as "Schizophrenic with a paranoid reaction". She has been involuntarily committed twice for treatment, most recently in July of 1991.

On November 1, 1991, a 72-hour shelter-care hearing was held. Al Baxter, the social worker who signed the petition, testified in conformity with the allegations in the petition. Brigham asked to call three witnesses: her fiancé, a close friend, and her mental health case manager from her current treatment program at Northwest Mental Health Services. Only the mental health case manager was allowed to testify. The trial court did not allow the remaining two witnesses to testify under ER 403.

On November 1, 1991, the court, pursuant to RCW 13.34-.050, entered an order placing the children in shelter care pending a dependency determination. The court "checked" boxes on a preprinted form which provided, in the "Findings" portion, that:

(X) Reasonable efforts have been made to prevent or eliminate the need for removal of the child from the child's home and to make it possible for the child to return home, and that the child is in need of shelter care because:
    (X) The child has no parent, guardian, or custodian or other suitable person to provide supervision and care; or
    (X) The release of the child would present a serious threat of substantial harm to such child . . ..

The court then filled in additional blanks directing Brigham to take prescribed medication and to undergo a psychiatric evaluation.

On November 7, 1991, Brigham filed a motion for revision of the commissioner's order and to stay enforcement of the medication requirement. On November 12, 1991, the court granted the motion to stay and on November 19, 1991, denied the motion for revision.

On November 25, 1991, Brigham filed an emergency motion to stay with this court (pending a motion for discretionary review). The motion was granted as to the requirement she

take medication but denied as to the requirement that she undergo a psychiatric evaluation.

Meanwhile, on December 3, 1991, a second 30-day shelter-care hearing was held. On January 7, 1992, the motion for discretionary review was denied on two grounds: (1) that no authority was offered establishing that checking a box with an "X" was insufficient to satisfy RCW 13.34.060(8)(a)'s requirement of a finding of "reasonable efforts"; (2) even though the trial court abused its discretion by failing to allow Brigham's witnesses to testify, the issue was moot since no remedy could be afforded due to the fact that the fact-finding hearing was forthcoming. On March 12, 1992, after the final fact-finding hearing (initially set for January 8, 1992) A. and H. were found to be dependent. The court dismissed the dependency as to A.B. Eight days later, on March 20, 1992, this court overturned the January 7, 1992, ruling and granted discretionary review.

## DISCUSSION

Before reaching the merits of the issues Brigham raises concerning the shelter-care hearings, we must first address the question of whether they are moot. As the commissioner noted in the January 7 order denying the motion for discretionary review, a full dependency fact-finding hearing has already occurred, technically rendering the shelter-care issues moot. A case is moot when the court can no longer provide effective relief. *In re Swanson*, 115 Wn.2d 21, 24, 804 P.2d 1 (1990). Ordinarily, "where only moot questions or abstract propositions are involved, . . . the appeal . . . should be dismissed." *Sorenson v. Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

However, there are exceptions to this requirement which allow a reviewing court to consider issues that have been raised and briefed "when the court discerns a likelihood of recurrence of the same issue, generally in the framework of a 'continuing' or 'recurring' controversy, and public interest in the controversy." *DeFunis v. Odegaard*, 84 Wn.2d 617, 627,

529 P.2d 438 (1974). Where a technically moot issue implicates due process rights, it is one in which there is sufficient public interest to warrant deciding it. *In re Marriage of T.*, 68 Wn. App. 329, 336, 842 P.2d 1010 (1993).

■ Both of the shelter-care issues presented in this appeal involve the rights of parents to due process at statutorily mandated hearings. In addition, because of the short time between the initial shelter-care hearing, the 30-day hearing and the fact-finding hearing, these are clearly issues that are " ' "capable of repetition, yet evading review." ' " *In re Marriage of Irwin*, 64 Wn. App. 38, 60, 822 P.2d 797 (quoting *Roe v. Wade*, 410 U.S. 113, 125, 35 L. Ed. 2d 147, 93 S. Ct. 705, *reh'g denied*, 410 U.S. 959 (1973)), *review denied*, 119 Wn.2d 1009 (1992). There is little or no possibility that the procedure followed at a shelter-care hearing can be reviewed by an appellate court before it is mooted by a subsequent hearing. We will therefore review the issues appellant has raised.

Under RCW 13.34.060, an initial shelter-care hearing must occur within 72 hours after a child's removal from the parents' custody. RCW 13.34.060(1). The initial 72-hour hearing is followed by a second shelter-care hearing, set 30 days after the initial hearing. A fact-finding hearing (the final hearing on dependency) is set at the second shelter-care hearing, and must occur within 75 days of the initial hearing. RCW 13.34-.060(1); RCW 13.34.070(1). In addition to these hearings, additional hearings can be set at any time by any party. RCW 13.34.060(10).

RCW 13.34.060(8) provides:

> The court shall release a child alleged to be dependent to the care, custody, and control of the child's parent, guardian, or legal custodian unless the court finds there is reasonable cause to believe that:
> (a) After consideration of the specific services that have been provided, reasonable efforts have been made to prevent or eliminate the need for removal of the child from the child's home and to make it possible for the child to return home; and
> (b)(i) The child has no parent, guardian, or legal custodian to provide supervision and care for such child; or

(ii) The release of such child would present a serious threat of substantial harm to such child; or

(iii) The parent, guardian, or custodian to whom the child could be released is alleged to have violated RCW 9A.40.060 or 9A.40.070.

If the court does not release the child to his or her parent, guardian, or legal custodian, the court shall order continued shelter care or order placement with another suitable person, and the court shall set forth its reasons for the order.

Brigham claims the court commissioner violated RCW 13.34-.060(8) when he failed to make a finding that "reasonable efforts" were made by the Department of Social and Health Services (DSHS) to prevent removal of the children from their home. Here, other than checking an "X" on the pre-printed form containing a standardized finding, the court completely failed to make a finding that DSHS made reasonable efforts to prevent removal of the children.

■ RCW 13.34.060(8) requires the court to "find" that reasonable efforts have been made to prevent taking the child from his or her home. This court, however, may look to the commissioner's oral decision to determine whether the findings are sufficient to satisfy RCW 13.34.060(8)(a). *See In re Chubb*, 46 Wn. App. 530, 532-33, 731 P.2d 537 (1987) (the court intimated that where findings lack specificity and are conclusory, the evidence is deemed insufficient unless the record contains a detailed oral opinion). If the trial court adequately develops the record to reflect that reasonable efforts were made, the form will suffice. However, in this case, the record was not adequately developed and, therefore, is insufficient.

In addition to the "checked" box on the preprinted form, the trial court's oral ruling contains no findings regarding the reasonable efforts requirement. The oral ruling reads:

The children in this case will remain in DCFS approved care and relative placement under DCFS supervision with authority to place with relatives. The mother and the father will have supervised visitation one hour weekly at the DCFS offices. There will be a psychiatric evaluation of the mother, paid for by the mother, with following treatment as recommended. DCFS and the guardian ad litem will have access to the mother's and

children's medical records. The parents are to sign releases for all service providers. All service providers are to be mutually agreed upon. The mother is to release sufficient clothes and toys for the children. The mother is to take her prescribed medication.

We hold that the commissioner erred in failing to make at least an oral finding pursuant to RCW 13.34.060(8)(a) on what reasonable efforts DSHS made. The error does not mandate reversal, however, because dependency was ultimately established and the record was sufficient to support the trial court's decision.

Brigham next claims the superior court violated her due process rights and RCW 13.34.090 by not allowing her witnesses to testify.[1] This claim is based on the fact that Brigham lost her children for over 30 days and, at the next hearing, she had the burden of proving a change in circumstance to justify modification of the prior order. She also argues that since the dependency petition as to the oldest child was dismissed at the fact-finding hearing, if she had been allowed to present evidence at the initial shelter-care hearing that child would have been returned earlier.

We find that the commissioner erred. RCW 13.34.060 and .090 are clear and expressly permit "[a]ll parties . . . to present testimony . . . regarding the need or lack of need for shelter care." RCW 13.34.060(6). These statutory rights guarantee due process protections. *See In re Chubb*, 46 Wn. App. at 533 (even if state has not proceeded to final termination of parental rights, due process protections apply where state has removed children from their home, thereby weakening familial bonds). We note that the court must take great care

---

[1]RCW 13.34.090(1) states that any party involved in proceedings under RCW 13.34 has the following inherent rights:

to be represented by an attorney in all proceedings under this chapter, to introduce evidence, to be heard in his or her own behalf, to examine witnesses, to receive a decision based solely on the evidence adduced at the hearing, and to an unbiased fact-finder.

RCW 13.34.060(2) sets forth the written "notice" form which must be sent to a party involved in an RCW 13.34 proceeding and includes a provision stating that the parent, at the shelter-care hearing, has the right "to speak on [their] own behalf, to introduce evidence [and] to examine witnesses".

in safeguarding a parent's due process rights by allowing witnesses to be examined. While we recognize the rapid fire nature of shelter-care proceedings, the court must be reasonable and here it was unreasonable not to allow Brigham's witnesses to testify. In addition, the trial court should have picked up the commissioner's error at trial. However, as we noted above, reversal is not required because dependency has been established by sufficient evidence.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

GROSSE and AGID, JJ., concur.

Reconsideration denied November 5, 1993.