[No. 56137-5-I.   Division One.   August 15, 2005.]

*In the Matter of the Dependency of* R.H.

THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Petitioner*, v. RYAN HILEMAN ET AL., *Respondents*.

*Robert M. McKenna, Attorney General,* and *Trisha L. McArdle, Assistant,* for petitioner.

*Gail Levy* (of *Society of Counsel Representing Accused Persons*) and *Janet L. Stanton* (of *The Defender Association*), for respondents.

¶1 ELLINGTON, A.C.J. — In any legal proceeding, the parties are entitled to procedural fairness. This includes, at minimum, notice and the opportunity to be heard. In this case, the trial court dismissed a contested dependency action on the basis of the father's oral motion to dismiss during a shelter care hearing. The motion was made without notice, and was granted without any opportunity for the Department of Social and Health Services (the Department) to be heard. We reverse, vacate the dismissal, and remand.

## FACTS

¶2 R.H. is a nine-year-old boy who has been suicidal. He has displayed disturbing behaviors for the past several years and has been hospitalized for psychiatric treatment. His teachers, therapists, and other medical professionals are concerned for his safety and have made several referrals to Child Protective Services (CPS).

¶3 R.H.'s parents, Ryan and Rachel Hileman,[1] are divorced. They disagree as to the appropriate treatment for R.H. Each has failed to comply with treatment recommen-

---

[1] Because the parents have the same last name, we refer to them by first names for the sake of clarity.

dations. As a result, the Department alleges they have failed to provide R.H. with adequate care.[2]

¶4 The Department filed a dependency petition on March 21, 2005. The petition sets forth a history of the Department's involvement with the family from 2002 to 2005 and describes R.H.'s sexualized and/or aggressive behavior; his suicidal and homicidal ideation; his treatment at Children's Hospital and Odessa Brown Clinic; conflict between his parents, including Ryan's disbelief that R.H has any problem[3] and Ryan's defiance of the medical recommendations; both parents' chronic failure to comply with treatment recommendations; and R.H.'s recently escalating behavior, including running away from school and threatening to kill his father.

¶5 A shelter care hearing occurred March 23. Believing that Ryan interfered in R.H.'s care and defied the medical recommendations, while Rachel was more likely to be compliant, the Department sought an order placing R.H. with Rachel full time, rather than the 50-50 arrangement set forth in the parties' parenting plan. Rachel agreed to this placement, but Ryan objected, contending R.H was just being manipulative.

¶6 Ryan, Rachel, and the caseworker testified. Ryan's attorney then argued that R.H. was not dependent under RCW 13.34.030(5) and asked the court to dismiss the dependency. The court commissioner denied the Department's motion for shelter care and then granted the motion to dismiss, ruling the Department had not shown R.H. had no parent capable of adequately caring for him: "I cannot find that these parents are inadequately caring for this

[2] RCW 13.34.030(5) defines "dependent child" as "any child who: . . . . (c) Has no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development."

[3] The dependency petition alleges R.H. told the CPS worker that his parents "don't believe me that I want to die," and that Ryan told the CPS worker that R.H. does not have a problem and only "acts out when he is with his mother." Dependency Pet. at 5, 6.

child."[4] The superior court judge denied the Department's motion for revision. The Department sought review, and Rachel filed a brief supporting the Department.

¶7 We granted discretionary review and stayed the dismissal order.

## ANALYSIS

■ ¶8 The Department challenges only the summary dismissal of the dependency action, not the decision regarding shelter care. We review this question of law de novo.[5]

■ ¶9 A shelter care hearing is a preliminary proceeding; it is not a final adjudication.[6] It is intended to determine where the child shall reside for the time being, "pending a dependency determination."[7] A shelter care hearing is required by statute when the Department seeks a placement outside the home of the lawful custodian.[8] Pursuant to King County local rules, a shelter care hearing is required in every case, and is used to consider issues of notice, appointment of counsel, appointment of a guardian ad litem for the child, visitation, preliminary services, protective orders, and conditions of placement.[9]

■ ¶10 Under the dependency statutes, once a dependency petition has been filed, "[t]he court shall hold a fact-finding hearing on the petition."[10] Thus a dependency will proceed to fact-finding unless the petition is withdrawn or dismissed. The question is whether the dismissal here was proper.

---

[4] Report of Proceedings (Mar. 3, 2005) at 88.

[5] *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998).

[6] *Lesley v. Dep't of Soc. & Health Servs.*, 83 Wn. App. 263, 276, 921 P.2d 1066 (1996).

[7] Shelter care is "temporary physical care." RCW 13.34.030(13); *In re Dependency of H.*, 71 Wn. App. 524, 526, 859 P.2d 1258 (1993).

[8] RCW 13.34.060.

[9] Superior Court Local Juvenile Court Rule of the Superior Court for King County (LJuCR 2.4.)

[10] RCW 13.34.110(1).

¶11 Ryan emphasizes that the right to parent his child is a fundamental constitutional right[11] and points out that the best interests of the child are paramount.[12] With these principles in mind, he vigorously contends that whenever a trial court determines that it is in the best interests of the child to dismiss a dependency action, the court should do so at once to avoid trauma to the family involved.

¶12 To the extent Ryan argues that a trial court may dismiss a dependency action prior to the fact finding hearing, we agree, as does the Department. But a determination that dismissal is in the child's best interests may not be based upon hunches or snap judgments. The child has a right to a well-considered decision, and the parties have the right to be heard before their positions are dismissed out of hand. The shelter care hearing is not the place for a surprise challenge to the merits of the Department's case.

¶13 Firstly, the parties are entitled to notice and an opportunity to be heard appropriate to the nature of the case.[13] Notice of a shelter care hearing is not notice of a challenge to the sufficiency of the action.

¶14 Secondly, the fact that fundamental rights are at stake does not mean that principles of procedural fairness are abandoned. On the contrary, the more important the substantive rights, the more important the procedural protections.[14] Ryan forgets that R.H. has fundamental rights at stake as well—the fundamental rights to health and safety,[15] which the State, through the Department, has

---

[11] *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re Custody of Smith*, 137 Wn.2d 1, 13, 969 P.2d 21 (1998).

[12] RCW 13.34.020.

[13] RCW 13.34.050, .090(1), (2); *In re Dependency of H.W.*, 70 Wn. App. 552, 555, 854 P.2d 1100 (1993).

[14] *See H.W.*, 70 Wn. App. at 555-56.

[15] *See* RCW 13.34.020 ("When the rights of basic nurture, physical and mental health, and safety of the child and the legal rights of the parents are in conflict, the rights and safety of the child should prevail.").

a compelling interest in protecting[16] and which the court cannot ensure without orderly inquiries.

¶15 The Department's petition here unquestionably sets forth adequate statutory grounds for dependency, and the court is required to make a proper determination of the child's best interests. "Once the petition [is] filed, jurisdiction attache[s] and the matter must be heard."[17]

■ ■ ¶16 Further, the statutory shelter care hearing occurs within 72 hours of removal of the child from the home.[18] King County rules require shelter care hearings in every case within 72 hours of filing, even where the child remains in the home.[19] Clearly this time frame offers no opportunity for a respondent to give proper notice of a motion to dismiss. It also precludes a thorough presentation of the merits of the dependency petition. Further, the child is entitled to appointment of a guardian ad litem to protect his interests.[20] No guardian ad litem can be appointed within 72 hours of filing a petition, much less act to protect the child's interests. A 72-hour shelter care hearing is thus not a proper venue for a contested motion to dismiss.

¶17 Finally, the court rules provide several avenues for such a motion. The civil rules apply to dependency proceedings,[21] and several permit challenges to the merits of an action before trial.[22] And King County local juvenile court rules permit challenges by motion upon 14 days' notice.[23]

¶18 Ryan availed himself of none of these options. He filed no written motion and gave the Department no notice.

---

[16] *H.W.*, 70 Wn. App. at 556-57; RCW 13.34.020.

[17] *In re Welfare of Brown*, 29 Wn. App. 744, 747, 631 P.2d 1 (1981).

[18] RCW 13.34.060(1)(b).

[19] LJuCR 2.3(a).

[20] RCW 13.34.100(1), .105(1).

[21] JuCR 1.4(a).

[22] *See, e.g.*, CR 12(b)(6), 56.

[23] LJuCR 3.9(c)(1)(A) ("A party may set a contested dependency motion hearing by following the procedure set out for motions.").

His oral motion was made at the close of a hearing brought for a completely different purpose. The Department had presented evidence bearing upon its request for shelter care placement—that is, evidence supporting a belief that R.H.'s health, safety, and welfare would be seriously endangered if the requested placement was not ordered. The Department had no reason to present evidence or argument aimed at the elements of dependency, including whether the parents were capable of caring for R.H. No guardian ad litem had been appointed to investigate and protect R.H.'s interests. The court was thus in no position to evaluate the merits of the petition.

¶19 Compounding this departure from normal process, the trial court granted Ryan's motion and dismissed the dependency without providing the Department any opportunity to respond.

¶20 In contested dependency or placement proceedings, "giving interested parties a meaningful opportunity to present evidence coincides with the best interests of the child."[24] In the absence of a formal motion accompanied by proper notice and an opportunity for the Department to be heard, the court commissioner should not have entertained the motion, much less granted it.

¶21 The court commissioner erred in dismissing the dependency, and the superior court judge erred in denying the Department's motion for revision.

¶22 Reversed and remanded for reinstatement of the petition and such further proceedings as may be appropriate.

KENNEDY and SCHINDLER, JJ., concur.

---

[24] *In re Dependency of R.L.*, 123 Wn. App. 215, 223, 98 P.3d 75 (2004).