[No. 40307-2-II.   Division Two.   December 20, 2011.]

*In the Matter of the Marriage of* KELLY WEHR, *Appellant,*
and GUY WEHR, *Respondent.*

*Steve A. Robins* (of *Northwest Justice Project*), for
appellant.

*Mark K. Baumann*, for respondent.

¶1 JOHANSON, J. — Kelly Wehr appeals the trial court's denial of her request to relocate with her two children. In the published portion of our opinion, we hold that the trial court correctly applied a preponderance of the evidence standard when evaluating whether Guy Wehr rebutted the presumption allowing the primary parent to relocate children. In the unpublished portion of this opinion, we hold that substantial evidence supports the trial court's findings and affirm the trial court's decision to deny Kelly's[1] relocation of the children.

## FACTS

¶2 Kelly and Guy are the parents of two children. As part of their dissolution proceedings, the Clallam County Superior Court entered a parenting plan in April 2005 designating Kelly the primary residential parent. In August 2009, Kelly filed a "Notice of Intended Relocation of Children," stating her intent to move with the children from Clallam County to Clark County. Clerk's Papers at 73. Guy objected to the relocation. The trial court denied Kelly's request to relocate after applying a preponderance of evidence standard and finding that the detrimental effects of the relocation would outweigh the benefits to the children and their mother. Kelly timely appeals.

## ANALYSIS

### STANDARD OF PROOF FOR REBUTTING PRESUMPTION IN FAVOR OF RELOCATION

¶3 Kelly contends that the presumption allowing relocation must be rebutted by clear, cogent, and convincing

---

[1] We refer to Kelly and Guy by their first names for clarity to the reader and intend no disrespect.

evidence. Guy contends the trial court correctly applied the preponderance of the evidence standard. We discern no error.

¶4 Washington's child relocation act is codified at RCW 26.09.405-.560. The act imposes notice requirements and sets standards for relocating children who are the subject of court orders regarding residential time. *In re Custody of Osborne*, 119 Wn. App. 133, 140, 79 P.3d 465 (2003). "Relocate" under the act means "a change in principal residence either permanently or for a protracted period of time." RCW 26.09.410(2). A person "with whom [a] child resides a majority of the time" must provide notice of an intended relocation to every person entitled to residential time with the child. RCW 26.09.430. If a person entitled to residential time objects, the person seeking to relocate the child may not do so without a court order. RCW 26.09.480(2).

¶5 A trial court must conduct a fact-finding hearing, at which the relocating parent benefits from a rebuttable presumption that the relocation is allowed. RCW 26.09.520. The relocation statute, however, does not indicate which parent bears the burden of proof during this fact-finding hearing. "Rather than contravening the traditional presumption that a fit parent will act in the best interests of the child, . . . the relocation statute *establishes* a rebuttable presumption that the relocation of the child will be allowed." *Osborne*, 119 Wn. App. at 144. Based on 11 different factors, the objecting person may rebut the presumption by a showing that with regard to the child and relocating person, the detrimental effects of relocating outweigh the benefits. RCW 26.09.520; *see In re Marriage of Horner*, 151 Wn.2d 884, 895, 93 P.3d 124 (2004). After the hearing, the trial court has authority "to allow or not allow a person to relocate the child" based on an overall consideration of the RCW 26.09.520 factors and the child's best interests. RCW 26.09.420; *In re Parentage of R.F.R.*, 122 Wn. App. 324, 328, 93 P.3d 951 (2004); *In re Marriage of Grigsby*, 112 Wn. App. 1, 7-8, 57 P.3d 1166 (2002).

¶6 Here, we must evaluate whether the trial court erred by applying a preponderance of the evidence standard to a parent trying to rebut the presumption favoring a primary residential parent's decision to relocate a child. This is a question of first impression in Washington courts. We review de novo alleged errors of law to determine the correct legal standard. *In re Marriage of Fahey*, 164 Wn. App. 42, 55, 262 P.3d 128 (2011), *petition for review filed*, No. 86614-7 (Wash. Oct 19, 2011); *In re Marriage of Kinnan*, 131 Wn. App. 738, 751, 129 P.3d 807 (2006). We note that " '[t]he function of a standard of proof . . . is to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.' " *Hardee v. Dep't of Soc. & Health Servs.*, 172 Wn.2d 1, 7-8, 256 P.3d 339 (2011) (second alteration in original) (internal quotation marks omitted) (quoting *Addington v. Texas*, 441 U.S. 418, 423, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979)).

¶7 We hold that the trial court correctly applied the preponderance of evidence standard to rebut the statutory presumption favoring a primary residential parent's relocation decision. In part, we rely on similarities between relocation hearings and dependency proceedings—which apply a preponderance of evidence standard—rather than termination proceedings, which apply the more burdensome clear and convincing standard. *Santosky v. Kramer*, 455 U.S. 745, 769, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re Dependency of Schermer*, 161 Wn.2d 927, 942, 169 P.3d 452 (2007); *In re Chubb*, 46 Wn. App. 530, 536, 731 P.2d 537 (1987).

¶8 We recognize the significant interests at stake in child relocation cases. A parent's ability to relocate with their children is a significant interest that we do not take lightly. *See In re Custody of A.C.*, 165 Wn.2d 568, 578-82, 200 P.3d 689 (2009) (J.M. Johnson, J., concurring); *R.F.R.*, 122 Wn. App. at 332-33. But, it is important to note that the substantial right to parent one's children belongs to *both*

parents. *In re Custody of Smith*, 137 Wn.2d 1, 13-14, 969 P.2d 21 (1998), *aff'd sub nom. Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000); *accord Santosky*, 455 U.S. at 753.

¶9 Under current Washington law, various standards of proof exist for other family law issues concerning children depending on the impact a decision will have on the substantial right to parent one's own child. Due process requires clear and convincing evidence for the State to terminate parental rights. *Santosky*, 455 U.S. at 769. This higher standard applies because in a termination proceeding, parents face forced dissolution of their parental rights by the State, which has the power to "destroy permanently all legal recognition of the parental relationship." *Rivera v. Minnich*, 483 U.S. 574, 580, 107 S. Ct. 3001, 97 L. Ed. 2d 473 (1987). Likewise, clear and convincing evidence is required to overcome a natural parent's rights in nonparental custody actions. *In re Custody of C.C.M.*, 149 Wn. App. 184, 204-05, 202 P.3d 971 (2009). In contrast, the preponderance of the evidence standard is sufficient for due process in dependency proceedings. *Schermer*, 161 Wn.2d at 942; *Chubb*, 46 Wn. App. at 536-37. Unlike a termination hearing, a determination of dependency does not sever all contacts between a parent and child and is a reversible decision. *Chubb*, 46 Wn. App. at 536.

¶10 Because both parents in a relocation dispute have a substantial right to parent their child, the applicable standard of proof must protect both of their interests. *See Smith*, 137 Wn.2d at 13-14. This aspect of relocation proceedings alone strongly suggests that a lower standard of proof, like the preponderance of evidence standard, applies. Otherwise, one parent's rights would be inappropriately subordinate to the other parent's rights. Adopting the clear, cogent, and convincing standard, as Kelly argues, would create an unnecessarily high burden of proof that minimizes the objecting parent's rights to care for his or her children. *See, e.g., R.F.R.*, 122 Wn. App. at 331-33.

¶11 In addition, relocation proceedings, like dependency proceedings, neither sever all contact between the nonresidential parent and child nor permanently remove legal recognition of parental status. *See Chubb*, 46 Wn. App. at 536. Furthermore, relocation decisions and their effects can be reevaluated, and parenting plans altered, if the nonresidential parent moves to modify the new parenting plan under RCW 26.09.260. *See Fahey*, 164 Wn. App. at 68 n.10.

¶12 Accordingly, we hold that due process is satisfied when a preponderance of the evidence standard is applied to rebut the statutory presumption favoring a primary residential parent's relocation decision.

¶13 We affirm.

¶14 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

ARMSTRONG and VAN DEREN, JJ., concur.