FILED
COURT OF APPEALS
DIVISION II

2013 SEP 10 AM 8: 38

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| IN RE M.L., | No. 42698-6-II |
| GARRETT LAIL, | |
| Respondent | |
| v. | |
| KIMBERLY BRIGGS, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Kimberly Briggs appeals the superior court order denying her petition to relocate her child from Hoquiam to Lacey and temporarily changing the child's primary residential parent from Briggs to the father, pending a hearing on the father's petition for modification. Briggs argues that the trial court failed to consider all of the relocation factors required under RCW 26.09.520 and asks that we remand for further proceedings before a new judge.[1] Because the trial court failed to address all of the required factors and the record reflects that the trial court would have substantial difficulty overlooking its previously stated views and

_____

[1] Briggs also advances several additional arguments. Because we remand this case for a new hearing before a new judge, we do not reach these issues, but we urge the trial court on remand to carefully apply the law in considering how to apply the statutory presumption and to carefully address every required statutory factor.

findings on remand, we reverse and remand this matter for further proceedings before a different judge.

## FACTS

On June 2, 2011, Briggs filed a notice of intent to relocate and a motion for a temporary order permitting her to relocate ML from Hoquiam to the Lacey area for employment purposes after her commuting expenses had substantially increased.[2] Briggs also proposed a modified parenting schedule in which she alleged she had been the child's de facto primary residential parent based on the current arrangements the parties had made to accommodate Briggs's work and commuting schedule. The father, Garrett Lail, objected to the relocation and filed a petition to modify the parenting plan. Lail requested that the trial court designate him as ML's primary residential parent and allow Briggs visitation.

Briggs and Lail were the only witnesses to testify at the June 22 hearing on their motions. After hearing this testimony, the trial court orally (1) denied Briggs's relocation request, (2) "temporarily" changed the primary residential parent to Lail, (3) ordered Briggs to pay Lail $50 a month in child support, (4) advised the parties that it would reconsider the relocation issue in a year, and (5) directed the parties to develop a "liberal" visitation schedule. Excerpt Verbatim Report of Proceedings (VRP) (Court's Ruling) (June 22, 2011) at 3-6. The court stated that it was going to ensure that "[t]he winner is going to be the kid, because when his mother is fully experiencing her intellectual abilities, she's fully gained her full employment what she ought to

---

[2] Briggs also expressed an interest in furthering her education; the court also questioned her about her finances and she admitted to having "fairly extensive credit card debt." Verbatim Report of Proceedings (VRP) (June 22, 2011) at 35.

be doing," she would not have the same financial concerns and both she and ML would "be a lot happier." Excerpt VRP (Court's Ruling) (June 22, 2011) at 6.

Five days later, the parties appeared at a hearing and told the trial court that they had been unable to agree on a new visitation schedule as ordered. Briggs asked for additional time to retain a lawyer to help her negotiate the new schedule.

Although the trial court granted Briggs time to obtain counsel, it reiterated that (1) it had taken an "extraordinary step by issuing a temporary order," (2) it had done so specifically to give Briggs an opportunity to improve her situation before making a final decision on a final parenting plan, and (3) it did not intend to change its mind on the relocation issue. VRP (June 27, 2011) at 2-3. It also stated that if Briggs returned with a lawyer and was still unable to agree to a visitation, the court would enter a permanent parenting plan.[3].

By the August 8 hearing, the parties had not yet agreed on visitation. Briggs was now represented by counsel. The trial court expressed its disappointment only with Briggs, emphasizing that it had originally wanted to give her an opportunity to "get her education" and "get her finances straight" while maintaining her relationship with ML because this would be in

---

[3] The trial court set the next hearing for July 26, but it appears that this hearing was continued. It also appears that the trial court held another hearing on August 1, at which it ordered the parties to see if they could "come to a complete agreement as to all the terms of [the] parenting plan based on the Court's ruling at trial." VRP (Aug. 8, 2011) at 2. The appellate record does not contain a transcript from the August 1 hearing.

No. 42698-6-II

both her and the child's best interest.[4] VRP (Aug. 8, 2011) at 8. The trial court then ruled:

> I'm going to vacate all of my parts of the ruling with the exception of the fact that the relocation is denied. I will go with the temporary placement of the father for educational purposes. We'll get a hearing and we're going to go right back to square one regarding—I'm also vacating the part about reviewing it in one year.

VRP (Aug. 8, 2011) at 11.

When Briggs's counsel asked the trial court what the deadline was for the submission of the agreed order, the trial court responded:

> This kid is going to school in September and he's going to school in the same school he's been in with his buddies. Now you figure it out. And there's a court administrator out there. If you people don't like what I did, that's fine. You just go right ahead and appeal me because I want to tell a higher court right now *what is important is the best interest of this child*. And my observations at this point in time there's one person in this courtroom who is a parent whose put the best interest of the child forward and it's the male member.

VRP (Aug. 8, 2011) at 12 (emphasis added).

That same day, the trial court filed a handwritten order (1) denying Briggs's relocation request "for reasons stated orally on the record," (2) temporarily designating Lail as the primary residential parent pending a September 15 trial on Lail's motion to modify the parenting plan, (3) vacating all other orders from the June 22 hearing, and (4) establishing Briggs's visitation. Briggs moved to vacate the trial court's August 8 order.

---

[4] In a July 28 declaration, Briggs informed the trial court that she had filed bankruptcy "on her credit card debt" because the court's ruling changing ML's primary parent to the father had (1) increased her housing costs, (2) ended Lail's child support payments to her, (3) required her to pay $50 a month in support to Lail, and (4) increased her gas expenses. Clerk's Papers (CP) at 72.

4

When the court reconvened on September 15, Briggs's counsel asked the trial court to reconsider its denial of Briggs's relocation motion, asserting that the trial court had failed to consider the statutory presumption in favor of allowing the relocation; Briggs's counsel also argued that the trial court should also deny Lail's request for modification because Lail had failed to show a substantial change in circumstances.

In a lengthy colloquy, in which it attempted to "clarify for the Court of Appeals" why the parties were in court that day, the court stated:

> Now, will I reconsider relocation? No. For the very reasons I've just given you. It works to the extreme detriment economically of both of these parties. It works of [sic] depriving this child of his peers in both school and his education interruption, it interferes with his relationships with the family members that he has incurred [sic] living in this community at this point in time. It places the child in a very tenuous situation with the mother's employment as it is which, again, goes to the daycare issue, and it also interferes with the mother's ability to obtain her education to better herself to better the child. So is a modification proceeding appropriate? Yes, it is. Is the relocation denial appropriate? Yes, it is.

VRP (Sept. 15, 2011) at 8, 12-13. The court then stated that it intended to proceed to a trial on the modification issue.

The trial court entered a handwritten order finding "adequate cause" to hear Lail's request for major modification of the parenting plan and placing ML with Lail subject to visitation by Briggs. Clerk's Papers (CP) at 98. The trial court also entered an "Order on Objection to Relocation/Modification of Custody Decree/Parenting Plan/Residential Schedule," denying Briggs's motion for reconsideration; it reserved its final decision on Lail's modification

petition for later.[5] CP at 102-03. It then made written findings on the relocation issue. The factors that it said "does not apply" are as follows:

> 2.3.4a The objecting party or parent is not subject to limitations under RCW 26.09191.
>
> *Does not apply.*
>
> 2.3.4b The following parents or persons entitled to residential time with the child is subject to limitations under RCW 26.09.191
>
> *Does not apply.*
>
> . . .
>
> 2.3.7 The quality of life, resources, and opportunities available to the child and to the relocating party in the current and proposed geographic locations.
>
> *Does not apply.*
>
> 2.3.8 The availability of alternative arrangements to foster and continue the child's relationship with and access to the other parent.
>
> *Does not apply.*
>
> 2.3.9 Alternatives to relocation and whether it is feasible and desirable for the other party to relocate.
>
> *Does not apply.*

CP 101-02 (emphasis added). Briggs filed a timely notice of appeal of the September 15 order.

---

[5] According to Lail, the trial court set a hearing on the modification petition for December 2011, but it struck the hearing when Briggs filed her notice of appeal and the hearing has yet to occur.

No. 42698-6-II

ANALYSIS

Briggs argues that the trial court failed to address the required statutory relocation factors set out in RCW 26.09.520 and that this matter should be remanded to a different trial court judge.[6] We agree.

I. ADEQUACY OF SEPTEMBER 15 ORDER

A. Standard of Review; Consideration of Statutory Factors Required

We review a trial court's decision on a relocation issue for abuse of discretion. *In re Marriage of Horner*, 151 Wn.2d 884, 893, 93 P.3d 124 (2004). The trial court abuses its discretion "'when the trial court's decision is manifestly unreasonable or based upon untenable grounds.'" *Horner*, 151 Wn.2d at 893 (quoting *State v. Brown*, 132 Wn.2d 529, 572, 940 P.2d 543 (1997), *cert denied*, 523 U.S. 1007 (1998)).

---

[6] As a preliminary matter, Briggs argues that the trial court's June 22 oral ruling and the August 8 written order are inadequate because the trial court failed to address the statutory relocation factors set out in RCW 26.09.520. She also argues that the trial court erred in entering the September 15 order denying relocation because that order did not "reflect" the trial court's June 22 oral ruling. Br. of Appellant 3. A trial court's oral decision has no binding or final effect unless it is formally incorporated into findings of fact, conclusions of law, and judgment. *Little v. King*, 160 Wn.2d 696, 726, 161 P.3d 345 (2007) (citing *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963)). "Findings and conclusions are always subject to revision until they are actually signed and entered." *Little*, 160 Wn.2d at 726 (citing *DGHI Enters. V. Pac. Cities, Inc.*, 137 Wn.2d 933, 977 P.2d 1231 (1999). Thus, whether the trial court expressly addressed the eleven statutory factors in its June 22 oral ruling or whether this ruling is consistent with the subsequent written order is irrelevant. Additionally, because the trial court's more detailed September 15 order on Briggs's motion to reconsider superseded the August 8 ruling, the August 8 ruling is also irrelevant.

7

When making a determination about a child's relocation, the trial court *must* consider *every* relevant statutory factor stated in RCW 26.09.520. *Horner*, 151 Wn.2d at 894. As to the trial court's findings:

> When [the reviewing] court considers whether a trial court abused its discretion in failing to document its consideration of the child relocation factors, we will ask two questions. Did the trial court enter specific findings of fact on each [statutory] factor? If not, was substantial evidence presented on each factor, and do the trial court's findings of fact and oral articulations reflect that it considered *each* factor? Only with such written documentation or oral articulations can we be certain that the trial court properly considered the interests of the child and the relocating person within the context of the competing interests and circumstances required by the [Washington child relocation act].

*Horner*, 151 Wn.2d at 896 (emphasis added). If the trial court fails to specifically address each factor, the record does not support that substantial evidence was presented on each relocation factor, and the trial court's written findings and oral ruling do not reflect that it considered *each* factor, "we cannot review the trial court decision because its basis is unclear," and we must "remand to the trial court for entry of specific findings of fact or oral articulations of the child relocation factors." *Horner*, 151 Wn.2d at 897 (citing *In re Parentage of Jannot*, 149 Wn.2d 123, 65 P.3d 664 (2003)).

B. September 15 Order Fails to Address Each Statutory Factor

The trial court's September 15 order addresses factors 1, 2, 3, 5, 6, and 10.[7] But, rather than address factors 4, 7, 8, and 9, it states that these factors also "do[ ] not apply." CP at 101-

---

[7] The order does not address factor 11, but that factor does not apply here because the trial court was not issuing a temporary order. RCW 26.09.520(11).

02. Lail asserts that the written findings did, in some way, address "each of the first ten statutory relocation factors." Br. of Resp't at 7. We disagree.

The trial court was required to consider all factors including factors 7, 8, and 9[8] but it failed to do so stating that these factors "do[ ] not apply." CP at 101-02. This language could mean any number of things: that the trial court did not think it had to address these factors, that there was no evidence presented related to these factors, or that the trial court did not ultimately give any weight to these factors. Accordingly, we must examine whether the parties presented substantial evidence for factors 7, 8, and 9,[9] and whether the trial court's oral articulations reflect that it considered these factors.[10]

Factor 7 required the trial court to consider "[t]he quality of life, resources, and opportunities available to the child and to the relocating party in the current and proposed geographic locations." RCW 26.09.520(7). Because other factors address financial issues

---

[8] Factor 4 required the trial court to consider "[w]hether either parent or a person entitled to residential time with the child is subject to limitations under RCW 26.09.191," which restricts a parent's time based on conduct such as willful abandonment, abuse, or a history of domestic violence, assault, or sexual assault. RCW 26.09.520(4). In findings 2.3.4a and 2.3.4b, the trial court stated that this factor does not apply. Because there were no RCW 26.09.191 limitations in the original parenting plan, the trial court could have meant that this factor was neutral or that it did not apply because no such restrictions existed, and it was reasonable for the trial court to use the language it did in findings 2.3.4a and 2.3.4b.

[9] Although Briggs does not challenge the finding related to factor 9, *see* Br. of Appellant at 25, we address this factor to clarify that the trial court must consider it on remand.

[10] Although Lail concedes "that the trial judge did not, at any of the several hearings, walk through a point by point discussion of the eleven statutory relocation factors," he argues that "the record [was not] so deficient as to justify either a finding of abuse of judicial discretion, or to otherwise call for reversal of the trial court." Br. of Resp't at 14. As discussed below, we disagree because the record does not show any consideration of several of the factors.

(factor 10), the child's family and social connections (factor 1), and the child's education (factor 6), this factor requires the trial court to evaluate what other types of resources are available in each location or how the child's lifestyle would be different in each location, including things like where the child would live, how much time the child would spend in daycare depending on whether the relocation was granted, the child's opportunities to be involved in extra-curricular activities in either location, and other facts that contribute to a child's lifestyle. Although there was some evidence about the child care resources available in the Olympia area (a YMCA after-school program and summer camp), and in Cosmopolis (Lail's neighbor), there was very little evidence presented about this factor. There was no testimony about the cultural, physical, or social resources in each location; nor was there any testimony about the child's potential living situations. Furthermore, the trial court's oral and written statements do not demonstrate that the trial court considered this factor.[11]

Factor 8 requires the trial court to consider "[t]he availability of alternative arrangements to foster and continue the child's relationship with and access to the other parent." RCW 26.09.520(8). There is nothing in the record about this factor, and the trial court at no time appeared to consider this factor it its oral rulings.

Finally, factor 9 requires the trial court to consider "[t]he alternatives to relocation and whether it is feasible and desirable for the other party to relocate also." RCW 26.09.520(9).

---

[11] We acknowledge that the trial court considered the effect of ML residing in Olympia with his mother on her days off, but we note that the trial court considered this after it denied relocation and required that ML remain in his current school. The trial court did not articulate anything suggesting that it considered what ML's days would be like in Olympia if it had allowed the relocation.

There is some evidence in the record relevant to this factor: (1) Briggs testified that she did not believe she could find similar employment in Grays Harbor County, and (2) Lail was positioned to take over the business in which he worked when his employer retired. This evidence could show that Briggs's alternatives to relocation were limited and that it might not be feasible or desirable for Lail to also relocate. But the trial court's oral and written rulings do not suggest that the trial court considered this factor.

Thus, Briggs has shown that the trial court failed to address *each* of the required statutory factors.[12] Accordingly, we must remand to the trial court for entry of specific findings of fact or oral articulations of *each* of the relevant relocation factors. *See Horner*, 151 Wn.2d at 897 n.11.

## II. REQUEST FOR REMAND TO A DIFFERENT JUDGE

Briggs also argues that the trial court's "words and conduct" throughout the proceedings demonstrated bias or prejudice and justifies remand to a new judge. Br. of Appellant at 4 (Issue 3). We hold that remand to a different trial court judge is appropriate here.

We first must determine whether the trial court has shown personal bias. *Ellis v. U.S. Dist. Court*, 356 F.3d 1198, 1211 (9th Cir. 2004). If not, we consider whether unusual circumstances support reassignment. *Ellis*, 356 F.3d at 1211. We may find unusual circumstances if it appears that the trial court would have substantial difficulty overlooking its

---

[12] We note that the trial court repeatedly stated that it was basing its decision on the best interest of the child. It is clear that the trial court was focused on ML's best interests, but the trial court was required to consider whether or not to allow the relocation "based on an overall consideration of the RCW 26.09.520 factors *and* the child's best interests." *In re Marriage of Wehr*, 165 Wn. App. 610, 612, 267 P.3d 1045 (2011). Thus, the court's reliance on the child's best interest does not relieve the trial court of its responsibility to consider the statutory relocation factors.

previously stated views and findings or that reassignment would preserve the appearance of justice. *Ellis*, 356 F.3d at 1211. We also consider "'whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.'" *Ellis*, 356 F.3d at 1211 (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118-19 (9th Cir. 2001)).

The record shows that the trial court was not pleased with Briggs when she and Lail were unable to come to agreement on a reasonable visitation schedule after the trial court denied relocation or when she moved to reconsider the trial court's ruling on the relocation issue,[13] but we cannot say that the trial court necessarily exhibited any particular bias. That said, the record very strongly suggests that the trial court would have difficulty overlooking its previously stated views and findings, so remanding this matter to a different judge would preserve the appearance of justice in this case. Although remand to a different judge will require a new hearing on the relocation matter, our remand would essentially require a new hearing anyway—particularly in light of the fact that nearly two years have passed since the trial court denied Briggs's relocation; thus, the reassignment would not entail a disproportional amount of additional resources.

Accordingly, we vacate the trial court's September 15 order denying relocation and remand the relocation issue to a new trial court judge. Because the trial court's handwritten September 15 order temporary placing ML with Lail as primary residential parent prejudicially affects the other September 15 order that we now vacate, we also reverse that order, placing the parties in the same position as they were when Briggs filed her relocation notice. RAP 2.4(b)(1).

---

[13] The record also shows that, at times, the trial court was not pleased with Lail.

Additionally, because resolution of Lail's petition to modify the parenting plan is dependent on the final resolution of the relocation issue, we also remand that petition for consideration by the new judge.

Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this opinion. Because Briggs is appearing pro se, we also deny Briggs's request for attorney fees. *See Price v. Price*, 174 Wn. App. 894, 301 P.3d 486 (2013).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Quinn-Brintnall, J.

Dalton, J.P.T.